1   Theodore T. Cordery, Esq. (Bar No. 114730)
    tcordery@itkc.com
2   Michael J. Boland, Esq. (Bar No. 98343)
    mboland@itkc.com
3   Stephen E. Carlson, Esq. (Bar No. 104279)
    scarlson@itkc.com
4   IMAI, TADLOCK, KEENEY & CORDERY, LLP
    100 BUSH STREET, SUITE 1300
5   SAN FRANCISCO, CA  94104-3915
    Telephone:    (415) 675-7000
6   Facsimile:    (415) 675-7008

7   Attorneys for Defendant
    ELLIOTT COMPANY f/k/a ELLIOTT TURBOMACHINERY CO., INC.
8

9

10                  UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12  GARY MCCLUSKEY and CAROL          (ASBESTOS)
    MCCLUSKEY,
                                      CASE NO:   **CV10  5152**
13              Plaintiff,
                                      Alameda Superior Court Case No. RG-10-
14      v.                            539615

15  ALLIED PACKING & SUPPLY, INC.; AGFA   **DEFENDANT ELLIOTT COMPANY'S**
    CORPORATION; ANACOMP, INC.,           **NOTICE OF REMOVAL**
16  INDIVIDUALLY AND AS SUCCESSOR-BY
    MERGER TO XIDEX CORPORATION;          Complaint Filed: October 1, 2010
17  ASBESTOS CORPORATION, LTD.; BORG-
    WARNER CORPORATION BY ITS
18  SUCCESSOR-IN-INTEREST, BORG-
    WARNER MORSE TEC, INC.; BOWE BELL
19  + HOWELL COMPANY WHICH WILL DO
    BUSINESS IN CALIFORNIA AS BOWE
20  BELL & HOWELL COMPANY, FKA BELL
    & HOWELL, INDIVIDUALLY AND AS
21  SUCCESSOR-IN-INTEREST AND PARENT
    ALTER EGO TO MICRO DESIGN
22  COMPANY; CANON U.S.A., INC.;
    CLEAVER BROOKS, A DIVISION OF
23  AQUA-CHEM, INC.; COLTEC
    INDUSTRIES, INC., INDIVIDUALLY AND
24  AS SUCCESSOR IN INTEREST AND
    PARENT ALTER EGO TO FAIRBANKS
25  MORSE ENGINES; CROWN, CORK &
    SEAL,  INDIVIDUALLY AND AS
26  SUCCESSOR IN INTEREST TO MUNDET
    CORK; EASTMAN KODAK COMPANY;
27  ELLIOTT COMPANY FORMERLY
    KNOWN AS ELLIOTT
28  TURBOMACHINERY CO., INC.;
    GARLOCK SEALING TECHNOLOGIES
    LLC,  INDIVIDUALLY AND AS

FILED
2010 NOV 12 P 3 42
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Law Offices
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA  94104
(415) 675-7000

-1-

IMAI, TADLOCK, KEENEY & CORDERY, LLP

LAW OFFICES
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA 94104
(415) 675-7000

1  SUCCESSOR IN INTEREST TO GARLOCK, INC.; GENERAL ELECTRIC COMPANY;
2  GEORGIA-PACIFIC CORPORATION; HAMILTON MATERIALS, INC.;
3  HONEYWELL INTERNATIONAL, INC. FKA ALLIED SIGNAL, INC.,
4  INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO THE BENDIX
5  CORPORATION; IMO INDUSTRIES, INC. FORMERLY KNOWN AS IMO DELAVAL,
6  INC.; MERLEX STUCCO, INC.; MICRO DESIGN, INC.; OCCIDENTAL CHEMICAL
7  CORPORATION; PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS
8  SUCCESSOR IN INTEREST TO SACOMO SIERRA AND SACOMO
9  MANUFACTURING; PLASTICS ENGINEERING COMPANY;
10  REICHHOLD, INC. FKA REICHOLD CHEMICALS, INC.; ROGERS
11  CORPORATION; SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-
12  LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO
13  WESTERN CHEMICAL MANUFACTURING COMPANY;
14  SUTHERLAND LUMBER COMPANY, INC.; THERMAL CERAMICS, INC.,
15  INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO INTERNATIONAL
16  VERMICULITE; UNION CARBIDE CORPORATION; VIACOM,
17  INCORPORATED AS SUCCESSOR-BY-MERGER TO CBS CORPORATION FKA
18  WESTINGHOUSE ELECTRIC CORPORATION; XEROX CORPORATION;
19  3M COMPANY; and the FIRST DOE through Three Hundredth DOE, inclusive,
20
         Defendant.
21

22

23  TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

24  Notice is hereby given that pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446(a),

25  Defendant ELLIOTT COMPANY a/ka/ ELLIOTT TURBOMACHINERY, CO., INC.,

26  ("Elliott"), hereby removes this action, which was filed against it in the Superior Court of the

27  State of California, County of Alameda, to the United States District Court for the Northern

28  District of California.  In support, Elliott respectfully offers the following:

IMAI, TADLOCK, KEENEY & CORDERY, LLP
LAW OFFICES
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA   94104
(415) 675-7000

## JURISDICTIONAL STATEMENT

Elliott seeks removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which states that an action may be removed by "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office," on the grounds that Elliott acted under the direction of a federal officer with respect to the design, manufacture and distribution of the products which allegedly caused or contributed to plaintiff's alleged injuries.

## PRELIMINARY MATTERS

1.      On or about October 1, 2010, Gary McCluskey and Carol McCluskey, ("Plaintiffs"), filed in the Superior Court of California, County of Alameda a Complaint for Damages (Personal Injury)(Asbestos) seeking damages against defendant Elliott and a number of other defendants for personal injuries allegedly caused by exposure to asbestos and asbestos-containing products. *See* Summons and Complaint a true and correct copy of which is attached hereto as Exhibit 1.

2.      Elliott was served with the Summons and Complaint on October 13, 2010. Plaintiffs allege that the Plaintiff Gary McCluskey developed mesothelioma as a result of exposure to asbestos which took place while he served as an Electrician's Mate with the United States Navy from June 14, 1965 to May 30, 1967, aboard the USS Coral Sea (CVA-43) and two US Navy shore facilities: Long Beach Naval Shipyard, Long Beach, California, and Hunters Point Naval Shipyard, San Francisco, California. *See* Plaintiffs' Summons and Complaint for Damages (Personal Injury)(Asbestos), attached hereto as Exhibit 1.

3.      This Notice of Removal is timely because it is filed within 30 days of October 13, 2010, which is the date on which Plaintiffs served Elliott with the Summons and Complaint.

## NATURE OF THE CASE

4.      This case is based on Plaintiffs' allegations that the Plaintiff Gary McCluskey's alleged asbestos-related injury, specifically mesothelioma, was caused by his exposure to asbestos while serving as an Electrician's Mate in the United States Navy from June 14, 1965 to May 30, 1967. *Id.*

5.      Plaintiffs assert claims against Elliott and other defendants based on causes of

1  action for Negligence, Strict Liability, and Loss of Consortium. They are also seeking punitive

2  damages. *See* <u>Exhibit 1</u>, Summons and Complaint for Damages (Personal Injury)(Asbestos).

### GROUNDS FOR REMOVAL

4      6.      This Notice of Removal is filed within thirty (30) days of Plaintiffs' service of the

5  Summons and Complaint. 28 U.S.C. § 1446(b).

6      7.      Plaintiffs contend that the Decedent was exposed to asbestos while serving aboard

7  or working on US Navy ships during his service in the U.S. Navy from June 14, 1965 to May 30,

8  196. *See* ¶¶ 7-8 of Plaintiffs' Summons and Complaint for Damages (Personal Injury)(Asbestos),

9  attached hereto as <u>Exhibit 1</u>.

10     8.      As Plaintiffs' causes of action against Elliott include failure to warn claims,

11 Plaintiffs effectively allege that Elliott supplied equipment to the U.S. Navy that was defectively

12 designed and failed to include warnings regarding the potential dangers associated with asbestos-

13 containing insulation applied to the Elliott equipment. As Elliott manufactured its equipment for

14 naval applications under the direction of a federal officer, it has a colorable federal defense to

15 Plaintiffs' claims against it. Also, a causal nexus between Plaintiffs' allegations and Elliott's

16 federal officer defense exists.

17     9.      Elliott may thus remove this case because any equipment that it manufactured for

18 use on U.S. Navy ships was manufactured pursuant to contracts and specifications executed by

19 the Navy. Thus, the basis for removal is that, in the manufacture and sale of that equipment for

20 the Navy, including all aspects of the design and warnings associated with said equipment, Elliott

21 was acting under an officer or agency of the United States within the meaning of 28 U.S.C. §

22 1442(a)(1).

23     10.     In the event Plaintiff files a motion to remand this case, Elliott respectfully

24 requests an opportunity to respond more fully in writing and to submit additional evidence in

25 support of its defense that it was acting under an officer or agency of the United States of

26 America. Notwithstanding, Elliott offers the following authorities at this time:

27     11.     Title 28 U.S.C. § 1442(a)(1) states that an action may be removed by "[a]ny

28 officer of the United States or any agency thereof, or person acting under him, for any act under

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

-4-

color of such office." *Fung v. Ajex Corp.,* 816 F.Supp. 569, 571-72 (N.D. Cal. 1992). Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the removing party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

12.     In *Isaacson v. Dow Chemical Company*, 304 F.Supp.2d 442 (F.D.N.Y. 2004), the sufficiency of the federal officer removal statute to deny a motion to remand was examined. The federal officer removal statute expands the scope of federal jurisdiction, overcoming the "well pleaded complaint" to allow removal if three elements are satisfied. *Id.* at 446. First, a defendant must demonstrate that it is a person within the meaning of the statute. Second, a defendant must establish that the suit is under color of federal office, that is, there is a causal connection between the plaintiff's claims and the defendant's asserted authority. Third, a defendant must raise a colorable federal defense to the plaintiff's claims. *Id.*

13.     The *Isaacson* court discussed that a corporation is included in the definition of "person" in this statute. *Isaacson* at 446. The second prong of *Isaacson* calling for a causal connection between the defendant's actions under the authority of a federal officer and the plaintiff's state court claims requires a substantial degree of direct and detailed federal control over the defendant's work. *Id.* at 447. What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Several courts have upheld removal because defendants were sued as a result of building products pursuant to military specifications. *See Crocker v. Borden*, 852 F.Supp. 132 (E.D. La. 1994) (holding that removal was proper for Westinghouse because its marine turbines were manufactured pursuant to Navy specifications); *see also, Pack v. AC and S, Inc.*, 838 F.Supp. 1099 (D.Md. 1993) (holding that removal was proper for Westinghouse because the government had extensive control over the manufacture of turbines, even specifying the type of asbestos cloth).

14.     The *Isaacson* court concluded that the government-ordered specifications differed from the specifications for the defendants' commercial application of the product. *Isaacson,*

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA   94104
(415) 675-7000

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1   *supra* at 450. In addition, the method of warning and application was completely in the

2   government's hands. *Id.* Finally, the government had full knowledge of the dioxin "problem"

3   inherent in the production of Agent Orange. *Id.* These factors demonstrated the control with

4   which the government operated.

5   15.   This analysis also applies to "failure to warn" cases where "there is evidence that

6   the government was involved in the decision to give, or not to give, a warning." *Kerstetter v.*

7   *Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.), *cert. denied,* 531 U.S. 919 (2000). The Court

8   of Appeals for the Fifth Circuit has made it clear that the government contractor defense is

9   available in "failure to warn" claims where the evidence shows that the lack of a warning reflects

10  governmental direction or control rather than the unfettered discretion of the product's

11  manufacturer, and applies wherever: 1) the government approved or authorized the warnings

12  which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the

13  manufacturer conformed to the warnings as approved or authorized by the government; and 3) the

14  manufacturer warned the government as to any product hazards known by the manufacturer, but

15  unknown by the government. *Kerstetter,* 210 F.3d at 438.

16  16.   As stressed in *Kerstetter,* "[t]he government need not prepare the specifications to

17  be considered to have approved them." *Id.* at 435. The only material issue is whether the

18  manufacturer's designs and specifications were subjected to "substantial review" rather than a

19  mere "rubber stamp" approval. *Id.* In this regard, "[t]he specifications need not address the

20  specific defect alleged; the government need only evaluate the design feature in question." *Id.*

21  Once again, applying these general principles to "failure to warn" claims, the fact that

22  governmental specifications or regulations did not specifically preclude the exact warning desired

23  by the plaintiff does not take a "failure to warn" claim outside the scope of the government

24  contractor defense so long as the government was involved generally as to the issue of product

25  warnings (or specifically approved the warnings provided by the contractor) and was generally

26  aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is

27  not an issue when it is the government's warning in the first place." *Id.* at 438.

28  17.   Here, Elliott constructed its equipment according to the *Navy's* rigid

1   specifications, including specifications for minor asbestos-containing components, such as

2   gaskets or valve packing.  Indeed, no equipment would be allowed aboard a Navy ship unless it

3   was manufactured according to the Navy's exacting specifications. *See* Affidavit of Rear Admiral

4   Ben. J. Lehman (Retired USN) attached hereto as <u>Exhibit 3</u>. This case is substantially similar to

5   *Isaacson, supra,* as during construction of its marine equipment for the Navy, Elliott, as a

6   government contractor, acted under the direction of a federal officer when it manufactured and

7   designed the marine equipment at issue within the precise and exacting specifications

8   promulgated by the United States Navy.  *Id.*

9       18.   Additionally, Elliott Naval equipment was required to be shipped to the U.S. Navy

10   bare of exterior insulation of any kind. Consequently, it did not supply the Navy with asbestos-

11   containing exterior insulation.  Furthermore, upon delivery, the Navy, and not Elliott, controlled

12   the installation of exterior insulation on Elliott equipment.  *Id.*  Thus, the Navy exercised its own

13   discretion regarding the insulation of Elliott equipment.

14       19.   A properly removed case cannot be remanded for discretionary or policy reasons

15   such as allegedly related State court cases or a contention that judicial economy compels remand.

16   28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The

17   federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow

18   or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

19       20.   Elliott is <u>not</u> required to notify and obtain the consent of any other defendant in

20   this action in order to remove Plaintiffs' action under § 1442(a)(1). *See Torres v. CBS News*, 854

21   F. Supp. 245 (S.D.N.Y. 1994).

22       21.   As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and

23   correct copies of the process and pleadings served upon Elliott to date are being filed with this

24   Notice of Removal.  Plaintiff's Complaint for Damages (Personal Injury)(Asbestos) is the only

25   pleading Plaintiffs served on Elliott in connection with this Wrongful Death action. *See* <u>Exhibit</u>

26   <u>1</u>. Additionally, Elliott has filed and served an answer to Plaintiff's Complaint for Damages

27   (Personal Injury)(Asbestos) in state court.  A true and correct copy of Elliott's answer is attached

28   hereto as <u>Exhibit 2</u>.

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA  94104
(415) 675-7000

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1700
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

CONCLUSION

22.     Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. 1442(a)(1) based on Elliott having acted under the control of an officer or agency of the United States.

23.     By the signature  below, counsel for defendant Elliott is executing a certification of this Notice of Removal pursuant to 28 U.S.C. §1446.

THEREFORE, Elliott, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the Superior Court of the State of California in and for the County of Alameda.

Dated:  November 12, 2010

IMAI, TADLOCK, KEENEY & CORDERY, LLP

By: _____

Stephen E. Carlson
Attorneys for Defendant
ELLIOTT COMPANY f/k/a ELLIOT
TURBOMACHINERY CO., INC.

-8-
DEFENDANT ELLIOTT COMPANY'S NOTICE OF REMOVAL

# EXHIBIT 1

1  JEFFREY A. KAISER, ESQ. (SBN 160594)
   T. SCOTT HAMES, ESQ. (SBN 197574)
2  **LEVIN SIMES KAISER & GORNICK, LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Telephone: (415) 646-7160
4  Facsimile: (415) 981-1270
   jkaiser@lskg-law.com
5  shames@lskg-law.com

6  Attorneys for Plaintiffs
   GARY MCCLUSKEY AND CAROL
7  MCCLUSKEY

*FILED*
ALAMEDA COUNTY
OCT 07 2010
CLERK OF THE SUPERIOR COURT
By Zama Cel
                              Deputy

8              **SUPERIOR COURT OF CALIFORNIA**
                    **COUNTY OF ALAMEDA**
9                  (UNLIMITED JURISDICTION)

10

11 GARY MCCLUSKEY AND CAROL            ) Case No.
   MCCLUSKEY,                          ) **RG10539615**
12                                     )
             Plaintiffs,               )   **COMPLAINT FOR**
13                                     )       **DAMAGES**
             vs.                       )
14                                     )   (Personal Injury)
   ALLIED PACKING & SUPPLY, INC.;      )     (Asbestos)
15 AGFA CORPORATION;                   )
   ANACOMP, INC., INDIVIDUALLY AND AS  )     Negligence
16 SUCCESSOR-BY-MERGER TO XIDEX        )    Strict Liability
   CORPORATION;                        )   Loss of Consortium
17 ASBESTOS CORPORATION, LTD.;         )
   BORG-WARNER CORPORATION BY ITS      )
18 SUCCESSOR-IN-INTEREST, BORG-WARNER  )
   MORSE TEC INC.;                     )
19 BOWE BELL + HOWELL COMPANY WHICH    )
   WILL DO BUSINESS IN CALIFORNIA AS   )
20 BOWE BELL HOWELL COMPANY, FKA       )
   BELL & HOWELL, INDIVIDUALLY, AS     )
21 SUCCESSOR-IN-INTEREST AND PARENT    )
   ALTER EGO TO MICRO DESIGN COMPANY;  )
22 CANON U.S.A., INC.;                 )
   CLEAVER BROOKS, A DIVISION OF AQUA- )
23 CHEM, INC.;                         )
   COLTEC INDUSTRIES, INC.,            )
24 INDIVIDUALLY, AS SUCCESSOR-IN-      )
   INTEREST AND PARENT ALTER EGO TO    )
25 FAIRBANKS MORSE ENGINES;            )
   CROWN, CORK & SEAL, INDIVIDUALLY    )
26 AND AS SUCCESSOR-IN-INTEREST TO     )
   MUNDET CORK;                        )
27 EASTMAN KODAK COMPANY;              )
   ELLIOTT COMPANY FORMERLY KNOWN      )
28 AS ELLIOTT TURBOMACHINERY CO., INC.;)
   GARLOCK SEALING TECHNOLOGIES LLC,   )

INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO GARLOCK, INC.;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC CORPORATION;
HAMILTON MATERIALS, INC.;
HONEYWELL INTERNATIONAL, INC. FKA
ALLIED SIGNAL INC., INDIVIDUALLY AND
AS SUCCESSOR-IN-INTEREST TO THE
BENDIX CORPORATION;
IMO INDUSTRIES, INC. FORMERLY
KNOWN AS IMO DELAVAL INC.;
MERLEX STUCCO, INC.;
MICRO DESIGN, INC.;
OCCIDENTAL CHEMICAL CORPORATION;
PARKER-HANNIFIN CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO SACOMO SIERRA AND
SACOMO MANUFACTURING COMPANY;
PLASTICS ENGINEERING COMPANY;
REICHHOLD, INC., FKA REICHHOLD
CHEMICALS, INC.;
ROGERS CORPORATION;
SOCO-WEST, INC. FKA BRENNTAG WEST,
INC. FKA SOCO-LYNCH CORPORATION,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO WESTERN CHEMICAL &
MANUFACTURING COMPANY;
SUTHERLAND LUMBER COMPANY, INC.;
THERMAL CERAMICS, INC.,
INDIVIDUALLY AND AS SUCCESSOR-IN-
INTEREST TO INTERNATIONAL
VERMICULITE;
UNION CARBIDE CORPORATION;
VIACOM, INCORPORATED AS SUCCESSOR-
BY-MERGER TO CBS CORPORATION FKA
WESTINGHOUSE ELECTRIC
CORPORATION;
XEROX CORPORATION;
3M COMPANY;
and the FIRST DOE through THREE
HUNDREDTH DOE, inclusive,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## **GENERAL ALLEGATIONS**

1.  The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this

complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant
designated herein as a DOE is responsible, negligently or in some other actionable manner, for the
events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to
the Plaintiffs, as hereinafter alleged.

2.     At all times herein mentioned, each of the defendants, except as otherwise alleged, was
the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all
said times, each defendant was acting in the full course and scope of said agency, service, employment
and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the agent, servant,
employee and/or joint venturer of any entity during any of the years Asbestos Corporation Ltd. was
owned by any governmental agency.  Certain defendants agreed and conspired among themselves, and
with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in
injury to the Plaintiff, GARY MCCLUSKEY; and such defendants, as co-conspirators, are liable for
the acts, or failures to act, of other conspiring defendants.  Plaintiffs do not allege that Asbestos
Corporation Ltd. conspired with any entity during any of the years Asbestos Corporation Ltd. was
owned by any governmental agency.

3.     Plaintiffs are informed and believe, and thereon allege, that at all times herein
mentioned, defendants, **ALLIED PACKING & SUPPLY, INC.; AGFA CORPORATION;**
**ANACOMP, INC., INDIVIDUALLY AND AS SUCCESSOR-BY-MERGER TO XIDEX**
**CORPORATION;  ASBESTOS CORPORATION, LTD.; BORG-WARNER CORPORATION**
**BY ITS SUCCESSOR-IN-INTEREST, BORG-WARNER MORSE TEC INC.; BOWE BELL +**
**HOWELL COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS BOWE BELL**
**HOWELL COMPANY, FKA BELL & HOWELL, INDIVIDUALLY, AS SUCCESSOR-IN-**
**INTEREST AND PARENT ALTER EGO TO MICRO DESIGN COMPANY; CANON U.S.A.,**
**INC.; CLEAVER BROOKS, A DIVISION OF AQUA-CHEM, INC.; COLTEC INDUSTRIES,**
**INC., INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO**
**FAIRBANKS MORSE ENGINES; CROWN, CORK & SEAL, INDIVIDUALLY AND AS**
**SUCCESSOR-IN-INTEREST TO MUNDET CORK; EASTMAN KODAK COMPANY;**
**ELLIOTT COMPANY FORMERLY KNOWN AS ELLIOTT TURBOMACHINERY CO.,**

1   INC.; GARLOCK SEALING TECHNOLOGIES LLC, INDIVIDUALLY AND AS

2   SUCCESSOR-IN-INTEREST TO GARLOCK, INC.; GENERAL ELECTRIC COMPANY;

3   GEORGIA-PACIFIC CORPORATION; HAMILTON MATERIALS, INC.; HONEYWELL

4   INTERNATIONAL, INC. FKA ALLIED SIGNAL INC., INDIVIDUALLY AND AS

5   SUCCESSOR-IN-INTEREST TO THE BENDIX CORPORATION; IMO INDUSTRIES, INC.

6   FORMERLY KNOWN AS IMO DELAVAL INC.; MERLEX STUCCO, INC.; MICRO

7   DESIGN, INC.; OCCIDENTAL CHEMICAL CORPORATION; PARKER-HANNIFIN

8   CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SACOMO

9   SIERRA AND SACOMO MANUFACTURING COMPANY; PLASTICS ENGINEERING

10   COMPANY; REICHHOLD, INC., FKA REICHHOLD CHEMICALS, INC.; ROGERS

11   CORPORATION; SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH

12   CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN

13   CHEMICAL & MANUFACTURING COMPANY; SUTHERLAND LUMBER COMPANY,

14   INC.; THERMAL CERAMICS, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST

15   TO INTERNATIONAL VERMICULITE; UNION CARBIDE CORPORATION; VIACOM,

16   INCORPORATED AS SUCCESSOR-BY-MERGER TO CBS CORPORATION FKA

17   WESTINGHOUSE ELECTRIC CORPORATION; XEROX CORPORATION; 3M COMPANY;

18   and the FIRST DOE through THREE HUNDREDTH DOE, inclusive, are corporations organized

19   and existing under and by virtue of the laws of the State of California, or the laws of some state or

20   foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in

21   the State of California, and that said defendants have regularly conducted business in the County of

22   Alameda, State of California. The defendants identified in this paragraph are collectively hereinafter

23   referred to as "ASBESTOS DEFENDANTS".

24        4.     At all times herein mentioned, each of the ASBESTOS DEFENDANTS was the

25   successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

26   wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

27   studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying,

28   offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for others, packaging and/or advertising a certain substance the generic name for which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof,  assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| BORG-WARNER CORPORATION | BORG-WARNER MORSE TEC INC. |
| BOWE BELL + HOWELL COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS BOWE BELL HOWELL COMPANY | BELL & HOWELL, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO MICRO DESIGN COMPANY |
| CLEAVER BROOKS | AQUA-CHEM, INC. |
| COLTEC INDUSTRIES, INC. | FAIRBANKS MORSE ENGINES |
| CROWN, CORK & SEAL | MUNDET CORK |
| GARLOCK SEALING TECHNOLOGIES LLC | GARLOCK, INC. |

| HONEYWELL INTERNATIONAL, INC. | THE BENDIX CORPORATION |
|---|---|
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| REICHHOLD, INC. | REICHHOLD CHEMICALS, INC. |
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY |
| THERMAL CERAMICS, INC. | INTERNATIONAL VERMICULITE |
| VIACOM, INCORPORATED | CBS CORPORATION FKA WESTINGHOUSE ELECTRIC CORPORATION |

## FIRST CAUSE OF ACTION-NEGLIGENCE

### (Personal Injuries)

*PLAINTIFF GARY MCCLUSKEY COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES:*

5.      Plaintiff realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

6.      Plaintiff GARY MCCLUSKEY alleges exposure to asbestos at jobsites which include but are not limited to the following:

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **Wilshire Gas Station** **1959 - 1964** | La Palma, CA | Mechanical and brake work |
| **US Navy** **06/14/1965 – 5/30/1967** | USS Coral Sea (CVA-43) Long Beach, CA Hunters Point, San Francisco, CA | Electricians Mate |
| **McDonald Douglas** **1967** | Long Beach, CA | Wired airplanes |
| **Philco-Ford  (Aero-Neutronics)** **1968 – 1969** | Anaheim, CA | Circuit board installation – tanks |
| **Eastman Kodak Company** **1969 – 1986** | Whittier, CA | Equipment service tech |

7.   At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, inspecting, servicing, repairing, distributing, modifying, handling, installing, contracting to install, removing, contracting to remove, disturbing, cutting, grinding, scraping, marketing, warranting and/or advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

8.   At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured,  designed, developed, distributed, supplied, removed, abated, tore out, drilled, dug out, threw away, discarded, swept up, labeled, advertised, marketed, warranted, inspected, repaired, installed, scraped, cut, ground, distributed, handled, fabricated, assembled, modified, serviced, and/or sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

9.   At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other products containing said substance.  Each **ASBESTOS DEFENDANT** manufactured, distributed, sold and/or designed products in such a manner that it required the regular replacement of asbestos and/or other materials containing asbestos.  Moreover, each **ASBESTOS DEFENDANT** defectively designed, sold, manufactured and/or distributed products which caused the degradation of integrated asbestos-containing products, which contributed to Plaintiff's development of mesothelioma.  This being so, even despite the fact that alternative feasible designs were available that would not cause degradation and release of asbestos fibers from the original and replacements asbestos materials to the

1    same extent as the design chosen by **ASBESTOS DEFENDANTS**.

2    　　　10.    It was foreseeable to each **ASBESTOS DEFENDANT** that the original asbestos and

3    other materials containing asbestos would be removed and replaced with new asbestos and/or other

4    materials containing asbestos during ordinary operation and maintenance. Indeed, during the time

5    period in question, most if not all, replacement materials were comprised of asbestos. The operation,

6    use and repair of each of the **ASBESTOS DEFENDANTS** products would affect both the original

7    and replacement asbestos and other products containing asbestos by making them brittle, friable and

8    not reusable. It was foreseeable to each **ASBESTOS DEFENDANT** that the process of removing

9    asbestos materials incorporated into their products and replacing them with new asbestos materials

10   during ordinary repair and maintenance would disturb asbestos and result in the release of asbestos

11   fibers into the air, thereby exposing Plaintiff, other workers and bystanders. Each **ASBESTOS**

12   **DEFENDANT** failed to warn Plaintiff, other workers and bystanders of the risks inherent in the

13   replacement of asbestos containing parts and failed to warn Plaintiff, other workers and bystanders

14   that their product was designed to make asbestos friable.

15   　　　11.    Plaintiff herein is a worker who for or during a substantial length of time used, handled

16   or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that

17   was reasonably foreseeable.

18   　　　12.    As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**,

19   and each of them, as aforesaid, the exposure to asbestos caused severe and permanent malignant

20   injuries to the Plaintiff, including, but not limited to, mesothelioma and other lung damage.

21   　　　13.    Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a

22   progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma and that

23   said disease results from exposure to asbestos and asbestos products over a period of time.

24   　　　14.    Plaintiff presently believes that he suffers from a medical condition known as

25   mesothelioma, a lung disease related to the exposure to asbestos. Plaintiff was not aware that

26   exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised or

27   informed by anyone that he could contract any disease, sickness or injury as a result of working in the

28   vicinity of asbestos.

15.     As a direct and proximate result of the aforesaid conduct of **ASBESTOS DEFENDANTS**, and each of them, Plaintiff is dying and has suffered, and continues to suffer permanent malignant and non-malignant injuries to his person, body and health, including but not limited to mesothelioma, other lung damage, all to his general damages in a sum invoking the unlimited jurisdiction of the Court.

16.     As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS**, and each of them, Plaintiff has incurred, is presently incurring and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

17.     Plaintiff GARY MCCLUSKEY has lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

18.     .In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

19.     On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos

1  products was safe, when in fact said exposure was extremely hazardous to human life.

2       20.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and

3  distribute said asbestos and asbestos products without attempting to protect users from or warn users

4  of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.  Rather

5  than attempting to protect users and workers from, or warn workers and users of, the high risk of

6  injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS**

7  **DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently, consciously

8  and actively concealed and suppressed said knowledge from members of the general public that

9  asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of

10  the falsity of said implied representations.

11       21.    The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by

12  the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted

13  distribution and marketing of asbestos and asbestos products.  In pursuance of said financial

14  motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the users of, and

15  persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit

16  asbestos and asbestos products to cause injury to workers and users thereof, and persons exposed

17  thereto, including Plaintiff.

18       22.    As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile,

19  base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and

20  indifference to the safety and health of workers exposed to asbestos and asbestos products, including

21  Plaintiff, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS**

22  **DEFENDANTS**, seeks punitive damages according to proof.

23       WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of

24  them, as hereafter set forth.

25                **SECOND CAUSE OF ACTION - STRICT LIABILITY**

26       *AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION*

27  *FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE* **ASBESTOS DEFENDANTS** *AND*

28  *EACH OF THEM, AND ALLEGES AS FOLLOWS:*

23.    Plaintiff realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

24.    **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, distributed, handled, installed, modified, scraped, inspected, repaired, offered for sale and sold a certain substance, the generic name of which is asbestos and other products containing said substance, which substance is defective, in that same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other lung damage, to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

25.    At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with their equipment would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of their equipment.  Heat and pressure generated by operation would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous.  It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

26.    As a direct and proximate result thereof, Plaintiff has suffered the injuries and damages as previously set forth including those alleged in the First and Second Causes of Action, inclusive.

## THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

*AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF CAROL MCCLUSKEY COMPLAINS OF* **ASBESTOS DEFENDANTS** *AND EACH OF THEM AND ALLEGES AS FOLLOWS:*

27.    Plaintiff CAROL MCCLUSKEY incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

1       28.    Plaintiff CAROL MCCLUSKEY is now, and at times herein mentioned, the lawfully

2  wedded spouse of GARY MCCLUSKEY.

3       29.    As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each

4  of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to

5  GARY MCCLUSKEY  as alleged in his Complaint, Plaintiff CAROL MCCLUSKEY has suffered,

6  and for a long period of time will continue to suffer loss of consortium, including but not by way of

7  limitation, loss of services, marital relations, society, comfort, companionship, love and affection of

8  her said spouse, and has suffered severe mental and emotional distress and general nervousness as a

9  result thereof.

10      30.    Plaintiff CAROL MCCLUSKEY, as a result of the foregoing described injuries to her

11  said spouse, has been generally damaged in a sum in excess of the jurisdictional limits of the

12  Municipal Court.

13     WHEREFORE, Plaintiffs GARY MCCLUSKEY AND CAROL MCCLUSKEY pray

14  judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

15      1.    For Plaintiffs' general damages according to proof;

16      2.    For Plaintiff GARY MCCLUSKEY's medical and related expenses according to proof;

17      3.    For Plaintiffs' prejudgment interest according to proof, pursuant to Civil Code section

18  3288;

19      4.    For loss of income according to proof;

20      5.    For Plaintiffs' costs of suit herein;

21      6.    For loss of care, comfort and society;

22      7.    As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for

23  exemplary or punitive damages according to proof; and

24      8.    For such other and further relief as this Court deems just and proper.

25  Dated: September 30, 2010

26                **LEVIN SIMES KAISER & GORNICK, LLP**

27

28           By:                       
                        T. Scott Hames, Esq.
                        Attorneys for Plaintiffs

# EXHIBIT 2

Theodore T. Cordery, Esq. (Bar No. 114730)
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET, SUITE 1300
SAN FRANCISCO, CA 94104
Telephone:     (415) 675-7000
Facsimile:     (415) 675-7008

Attorneys for Defendant
ELLIOTT COMPANY FKA "ELLIOTT TURBOMACHINERY CO., INC."

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| GARY MCCLUSKEY and CAROL MCCLUSKEY, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED PACKING & SUPPLY, INC., et al., <br><br> Defendant. | CASE NO.: RG-10-539615 <br><br> (ASBESTOS) <br><br> **ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS** <br><br> Complaint Filed: October 1, 2010 |

COMES NOW Defendant ELLIOTT COMPANY FKA "ELLIOTT TURBOMACHINERY CO., INC.", and in answering all causes of action of Plaintiff's unverified Complaint for damages on file herein, admits, denies and alleges as follows:

Under the provisions of Sections 431.30(d) of the California Code of Civil Procedure, this answering defendant denies each and every, all and singular, generally and specifically, the allegations contained therein and the whole thereof, and further denies that Plaintiff sustained damages in any sum or sums whatsoever or at all.

AND AS FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that the Complaint and each cause of action therein, fails to state facts sufficient to constitute a cause of action.

AND AS FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

-1-

1   this answering defendant alleges that the Plaintiff is barred from recovery by the applicable

2   statute of limitations, including but not limited to California Code of Civil Procedure Sections

3   319, 320, 337, 337.1, 337.15, 338, 339, 340(3), 340.2, 343, and California Commercial Code

4   Sections 2752(1) and 2725(2).

5       AND AS FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6   this answering defendant alleges that the Plaintiff was himself negligent and careless in and about

7   the matters and events alleged in the Complaint, and said negligence proximately contributed to

8   the alleged damages, if any there were, and as a result thereof, the principles of equitable

9   comparative negligence must be applied to bar Plaintiff's action.

10       AND AS FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

11   this answering defendant alleges that the injuries, loss and/or damages alleged in said Complaint

12   by the Plaintiff, if any, were caused by the carelessness and negligence on the part of the

13   remaining defendants in that said carelessness and negligence on the part of said remaining

14   defendants proximately contributed to the happening of the subject event and the injuries, loss or

15   damages alleged by the Plaintiff herein, and that any judgment rendered against this answering

16   defendant be reduced or nullified to the extent of such negligence and carelessness on the part of

17   the remaining defendants as aforesaid.

18       AND AS FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

19   answering defendant alleges that the Plaintiff's injuries and damages which may have been

20   sustained as a result of events mentioned in the Complaint, if any there were, were proximately

21   caused by the carelessness and negligence of the Plaintiff and the remaining defendants, and that

22   the respective negligence of each said party to this suit ought to be equitably apportioned among

23   the parties hereto.

24       AND AS FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

25   this answering defendant alleges that at the time of the occurrence of the matters mentioned in the

26   Plaintiff's Complaint, the Plaintiff himself had knowledge of those matters alleged in the

27   Complaint and the Plaintiff did, with said knowledge, voluntarily and of his own free will and act,

28   place himself in an unsafe and dangerous position and by reason thereof, Plaintiff did assume the

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA   94104
(415) 675-7000

1  risk and all risks ordinarily incident thereto.

2  AND AS FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

3  DEFENSE, this answering defendant alleges that the products referred to in the Complaint were

4  not used in a safe and normal manner or in the manner in which they were intended to be used,

5  and that such misuse proximately contributed to the injuries to the Plaintiff and the damages and

6  losses resulting therefrom, if any there were, and bars Plaintiff's recovery herein.

7  AND AS FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

8  this answering defendant alleges that prior to and at the time referred to in Plaintiff's Complaint,

9  the products referred to in the Complaint were abused, altered, modified, or changed in a manner

10  that was not reasonably foreseeable, that such abuse, modification, alteration, or change

11  proximately contributed to the injuries to the Plaintiff and the damages and losses resulting

12  therefrom, if any there were, and bars Plaintiff's recovery herein.

13  AND AS FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

14  this answering defendant alleges that at all times herein mentioned, Plaintiff was in the course and

15  scope of his employment and that the injuries sustained by Plaintiff, if any there were, were

16  caused or contributed to by the carelessness and negligence of Plaintiff's employers, entitling this

17  answering defendant to a set-off in an amount equal to the extent of payments made by said

18  employers' Workers' Compensation carrier.

19  AND AS FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

20  this answering defendant alleges that the Plaintiff's employers were negligent and careless in and

21  about the matters alleged in the Complaint and proximately contributed to the injuries and

22  damages, if any there were, sustained by Plaintiff; that by reason of the premises said employers

23  and their Workers' Compensation carrier are barred from recovery of any payments heretofore or

24  hereafter made to Plaintiff pursuant to the Workers' Compensation laws of the State of California

25  under the doctrine of Witt v. Jackson, 57 Cal.2d 57.

26  AND AS FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

27  DEFENSE, this answering defendant alleges that Plaintiff's Complaint herein is barred by the

28  Labor Code §3600, et seq.

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA 94104
(415) 675-7000

AND AS FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff's Complaint herein is barred by the Doctrine of Laches.

AND AS FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant hereby alleges that the asbestos-containing products of defendant which are alleged to have caused injury to the Plaintiff were manufactured in compliance with and supplied pursuant to mandatory government specifications which required the use of asbestos. Accordingly, defendant is immune from liability for any damages suffered by the Plaintiff as a consequence of exposure to asbestos contained in such products.

AND AS FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize the losses and damages complained of, if any there were.

AND AS FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff is barred from asserting any claim based on breach of warranty by reason of the failure to fulfill the conditions of warranties alleged in the Complaint in the event such alleged warranties are proven at trial.

AND AS FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that Plaintiff failed, within a reasonable time, to give notice to this defendant of the claimed breach of warranty or defects alleged in the Complaint on file herein in the manner and form prescribed by law.

AND AS FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that any claims that the alleged products are unsafe or defective in any manner are preempted by federal law.

AND AS FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that, to the extent Plaintiff may be able to prove his allegations concerning liability, injuries and damages, which are specifically denied, said allegations were the result of intervening acts of superseding negligence on the part of a person or persons over whom this defendant had neither control nor the right of control.

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1    AND AS FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

2  DEFENSE, this answering defendant alleges that Plaintiff is barred from asserting any causes of

3  action by the Doctrine of Waiver.

4    AND AS FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

5  DEFENSE, this answering defendant alleges that Plaintiff is estopped from asserting any causes

6  of action by his own conduct.

7    AND AS FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

8  DEFENSE, this answering defendant alleges that Plaintiff has failed to join necessary and

9  indispensable parties.

10    AND AS FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

11  DEFENSE, this answering defendant alleges that Plaintiff has improperly joined or misjoined it

12  and other parties to this action.

13    AND AS FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

14  DEFENSE,  this answering defendant alleges that there was no privity or other legal relationship

15  between this answering defendant and Plaintiff herein sufficient to entitle Plaintiff to any legal

16  relief by said defendant.

17    AND AS FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

18  DEFENSE, this answering defendant alleges that the Complaint on file herein prays for damages

19  which are not recoverable under the causes of action pleaded.

20    AND AS FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE

21  DEFENSE, this Answering Defendant alleges that Plaintiff's Complaint is barred for failure to

22  commence this action against this Defendant within one (1) year of the accrual of Plaintiff's cause

23  of action.  Code of Civil Procedure §366.1.

24    AND AS FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

25  DEFENSE, this answering defendant alleges that Plaintiff's claim for punitive damages is

26  prohibited because it would deprive defendant of its property without due process of law under

27  the 14th Amendment of the United States Constitution and under the California Constitution. See

28  U.S. Constitution, Amendment XIV, §1; Cal. Constitution, Art. I, §7(a).

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA   94104
(415) 675-7000

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

IMAI, TADLOCK, KEENEY & CORDERY, LLP
LAW OFFICES
SUITE 1700
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1    AND AS FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

2    DEFENSE, this answering defendant alleges that Plaintiff's claim for punitive damages is barred

3    by the Constitutional Prohibition against excessive fines. <u>See</u> U.S. Constitution, Amendment VII;

4    California Constitution, Art. I, §17.

5    AND AS FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

6    DEFENSE, this answering defendant alleges that Plaintiff's claim for punitive damages is barred

7    by the Constitutional Prohibition against impairing the obligation of contracts. <u>See</u> U.S.

8    Constitution, Art. I, §X, Cl.1. <u>See</u> California Constitution, Art. I, §9.

9    AND AS FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

10   DEFENSE, this answering defendant alleges that any claim for punitive or exemplary damages

11   pursuant to California law herein constitutes a violation of equal protection prohibited by the

12   United States Constitution and the Constitution of the State of California and therefore fails to

13   make a claim upon which relief can be granted.

14   AND AS FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

15   DEFENSE, this answering defendant alleges that the complaint on file herein fails to state facts

16   sufficient to constitute a cause of action for punitive damages.

17   AND AS FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

18   DEFENSE, this answering defendant alleges that plaintiffs' claim for punitive damages must

19   consider the degree of reprehensibility of defendant's conduct, the disparity between the

20   compensatory damages and punitive damages and the difference between punitive damages, the

21   ratio of actual harm suffered by the plaintiffs to the amount of punitive damages and the civil

22   sanctions that could or would be imposed for comparable conduct. These considerations were

23   outlined by the U.S. Supreme Court in <u>BMW of North America v. Gore</u> (1996) 517 U.S. 559, and

24   <u>Cooper Industries Inc. v. Leatherman Tool Group, Inc.</u> (2001) 532 U.S. 424, and <u>State Farm Mut.</u>

25   <u>Auto. Ins. Co. v. Campbell</u> (2003) 538 U.S. 408.

26   AND AS FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

27   DEFENSE, this Answering Defendant alleges that if Plaintiff's claims were already litigated and

28   resolved in any prior action, Plaintiff's claims herein are barred based on the primary right and res

judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged joint tortfeasors.

AND AS FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this Answering Defendant alleges that Plaintiff's claims are barred by the primary right doctrine as there is another action pending between the same parties on the same cause of action.

AND AS FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this Answering Defendant alleges that Plaintiff's claims are barred by the principles of res judicata.

AND AS FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that any injuries and damages, if any there be, alleged by Plaintiff in the Complaint, were proximately caused by an unforeseeable allergic reaction to the product or products and/or one or more of its, or their, components.

AND AS FOR A THIRTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that the substantive law of plaintiff's domicile or a jurisdiction other than California, is applicable.

AND AS FOR A THIRTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that, at all times herein pertinent, plaintiff and/or his/her employer was a sophisticated user of the subject product and that defendant had no duty to warn about dangers, risk, or harm of which the sophisticated user was already aware or should have been aware.

AND AS FOR A THIRTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff and/or his employer(s) were "sophisticated users" of the asbestos-containing products complained of within the meaning of *Johnson v. American Standard* (2008) 43 Cal.4th 56, and therefore answering defendant had no duty to warn plaintiff, his employers, or anyone about the potential hazards from use of the asbestos-containing product in question.

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1       AND AS FOR A THIRTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

2 DEFENSE, this answering defendant alleges that its compliance with all governmental standards

3 is a complete defense to this action.

4       AND AS FOR A FORTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

5 DEFENSE, this answering defendant alleges that Plaintiff is barred from asserting any causes of

6 action by virtue of plaintiff's consent to the alleged acts or conditions.

7       AND AS FOR A FORTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

8 DEFENSE, this answering defendant alleges that it presently has insufficient knowledge or

9 information on which to form a belief as to whether it may have additional, as yet unstated,

10 defenses available. This answering defendant reserves the right to assert additional defenses in the

11 event they would b appropriate.

12       AND AS FOR A FORTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

13 DEFENSE, this answering defendant alleges that other parties and third persons not parties were

14 negligently or legally responsible or otherwise at fault for the damages alleged in plaintiffs'

15 Complaint. This defendant therefore requests that in the event of a finding of any liability in favor

16 of plaintiff or settlement or judgment against this defendant, an apportionment of fault be made

17 among all parties as permitted by *Li v. Yellow Cab Company* and *American Motorcycle*

18 *Association v. Superior Court* by the Court or Jury. Defendant further requests a judgment and

19 declaration of partial indemnification and contribution against all other parties or persons in

20 accordance with the apportionment of fault.

21       AND AS FOR A FORTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

22 DEFENSE, this answering defendant alleges that the products were as safe as could be designed

23 under the state of technology and medical and scientific knowledge existing at the time the

24 products were manufactured.

25       AND AS FOR A FORTY-FORTH, SEPARATE AND DISTINCT AFFIRMATIVE

26 DEFENSE, this answering defendant alleges that the provisions of the "Fair Responsibility Act,

27 Civil Code Sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable

28 to this action to the extent that plaintiff's injuries and damages, if any, were legally caused or

LAW OFFICES

IMAI, TADLOCK, KEENEY & CORDERY, LLP

100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA 94104
(415) 675-7000

1 contributed to by the negligence or fault of persons or entities other than this answering

2 defendant.

3       AND AS FOR A FORTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE

4 DEFENSE, this answering defendant alleges that plaintiff named defendant in the Complaint

5 without reasonable identification of what acts, if any, defendant participated in, and without a

6 reasonable investigation. Pursuant to Code of Civil Procedure section 128.7, defendant requests

7 reasonable expenses, including attorneys' fees incurred by defendant as a result of the

8 maintenance by plaintiff of this bad faith action.

9       AND AS FOR A FORTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

10 DEFENSE, this answering defendant alleges that defendant did not know and had no reasonable

11 grounds for knowing, at the time any of its products containing asbestos were manufactured, at

12 the time plaintiff was allegedly exposed thereto, or at any other time, that any of said products

13 could be hazardous, and further, defendant had no reason to know or believe that any of its

14 products could be hazardous, in that any asbestos fibers contained in its products are locked in,

15 encapsulated, and firmly bound and therefore do not release dangerous amounts of asbestos fiber.

16       AND AS FOR A FORTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

17 DEFENSE, this answering defendant alleges that defendant's products were manufactured and/or

18 distributed in strict accordance with specifications supplied by persons or entities other than

19 defendant. Any defects in said product were caused by deficiencies in the specifications supplied

20 to defendant, which deficiencies were neither known to defendant nor discoverable by defendant

21 with the exercise of reasonable care.

22       WHEREFORE, this answering defendant prays for judgment as follows:

23     1.     That Plaintiff take nothing by way of his Complaint or any cause of action thereof

24 against this answering defendant;

25     2.     That the Court award judgment in favor of this answering defendant;

26     3.     For reasonable attorneys' fees;

27     4.     For costs of suit and disbursements; and

28 / / /

IMAI, TADLOCK, KEENEY & CORDERY, LLP
LAW OFFICES
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA 94104
(415) 675-7000

5.    For such other and further relief as the Court may deem proper.

Dated: November 9, 2010               IMAI, TADLOCK, KEENEY & CORDERY, LLP

By: _____
      Theodore T. Cordery
      Attorneys for Defendant
      ELLIOTT COMPANY FKA "ELLIOTT
      TURBOMACHINERY CO., INC."

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

## PROOF OF SERVICE

I, Heather Cherry, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 100 Bush Street, Suite 1300, San Francisco, CA 94104. On the date of execution below, I served the within documents:

**ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed [SPECIFY] envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a [SPECIFY] agent for delivery

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Levin, Simes, Kaiser & Gornick, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA 94104-4809

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 12, 2010, at San Francisco, California.

Heather Cherry

-1-

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
100 BUSH STREET
SUITE 1300
SAN FRANCISCO, CA 94104
(415) 675-7000